```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS
_____
                                )
JOHN E. DUTCHER,                )
                                )
               Petitioner,      )
                                )    Civil Action
v.                              )    No. 19-CV-12580-PBS
                                )
CAROL MICI,                     )
                                )
               Respondent.      )
_____)
```

## MEMORANDUM AND ORDER

August 3, 2020

Saris, D.J.

In December 2019, pro se petitioner John E. Dutcher filed this habeas petition challenging his January 1989 convictions in state court for aggravated rape, burglary and assault in a dwelling, and assault and battery. Dkt. No. 1. Respondent Carol Mici has moved to dismiss Dutcher's petition on the grounds that it is second or successive and is time-barred. Dkt. No. 15. Dutcher filed an opposition. Dkt. No. 17.

For the reasons stated below, the Court **TRANSFERS** the action to the First Circuit as a second or successive petition.

### BACKGROUND

On January 27, 1989, Dutcher was convicted of aggravated rape, burglary and assault in a dwelling, and assault and battery. Dkt. No. 1-1 at 89. At his sentencing hearing on March

1

22, 1989, the state court found Dutcher to be a sexually dangerous person and committed him to the Massachusetts Treatment Center. Id. Dutcher was also sentenced to concurrent terms of 20-to-40 years for the aggravated rape and burglary convictions, and the assault and battery conviction was placed on file. Id. On March 6, 1992, the Massachusetts Appeals Court affirmed Dutcher's convictions. Id. at 73-78. On April 28, 1992, the Massachusetts Supreme Judicial Court denied Dutcher's application for further appellate review. Commonwealth v. Dutcher, 412 Mass. 1104 (1992).

In May 1989, in a different case, Dutcher pled guilty to aggravated rape and rape. Dkt. No. 1-1 at 89. The court sentenced him to 20-to-40 years for the aggravated rape conviction and 18-to-20 years for the rape conviction. Id.

In the years following his convictions, Dutcher filed numerous post-conviction motions before the Commonwealth. In May 1992, Dutcher filed a motion pursuant to Mass. R. Cim. P. 29 to revise and revoke the sentences arising from his January 1989 convictions. Dkt. No. 16-1 at 16. In July 1992, the trial court denied Dutcher's motion, and in October 1992, the Appeals Court dismissed his appeal. Id. Between 2004 and 2019, in connection with his January 1989 convictions, Dutcher filed a motion for release from unlawful restraint, for a new trial, or for state habeas relief; motion for post-conviction discovery; motions to

2

vacate his sentence and for resentencing; and multiple motions for a new trial. Dkt. No. 16-1 at 16-24. These were each denied by the trial court, affirmed by the Appeals Court, and denied for further appellate review. Id. In 2013, Dutcher also filed a motion for new trial and for access to forensic analysis pursuant to M.G.L. c. 278A. Id. at 8, 19. The motion for new trial was denied, but post-conviction discovery concerning certain biological evidence was allowed. Id. at 8, 20. Discovery revealed that this evidence had been destroyed in 2005. Id. at 9-10.

On January 22, 2008, Dutcher filed a petition under 28 U.S.C. § 2254 for a writ of habeas corpus relating to his January 1989 jury convictions, SDP determination, and March 1989 guilty pleas. Dkt. No. 16-3. The respondent filed a motion to dismiss on the ground that the petition was time-barred, which this Court granted on April 8, 2008. Dkt. No. 16-4 at 2. Dutcher's subsequent motion for reconsideration was denied. Id.

On December 24, 2019, Dutcher filed another § 2254 petition challenging his January 1989 convictions. Dkt. No. 1. Mici submitted the instant motion to dismiss arguing that Dutcher's petition is second or successive, and that it is time-barred like his first petition. Dkt. No. 16. Dutcher did not receive certification from the First Circuit to file this second petition.

## **ANALYSIS**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal district court lacks jurisdiction over a second or successive § 2254 petition unless the petition has been authorized by the court of appeals. See 28 U.S.C. § 2244(b)(3). When confronted with a second or successive habeas petition that has not been authorized by the court of appeals, "a district court must either dismiss the petition or transfer it to the court of appeals." Bucci v. United States, 809 F.3d 23, 26 (1st Cir. 2015).

There are certain situations where a "later-in-time petition" may be considered a first petition, not a second or successive one. See id. at 27. In considering the distinction, the Supreme Court has explained that "both § 2254(b)'s text and the relief it provides indicate that the phrase 'second or successive' must be interpreted with respect to the judgment challenged." Magwood v. Patterson, 561 U.S. 320, 332-33 (2010).

Dutcher attempts to avoid AEDPA's gatekeeping provision by claiming that the instant habeas petition is not a second or successive one, because it is based on M.G.L. c. 278A and M.G.L. c. 279, Massachusetts state laws which recently created new avenues of post-conviction relief. Citing 28 U.S.C. § 2244(d)(1)(C), he argues that these state laws "void[] any prior

action" on his part and thereby make this an initial petition. Dkt. No. 17 at 2.

The Court disagrees. The habeas petition here is the second motion filed by Dutcher captioned as a § 2254 petition. It challenges Dutcher's January 1989 convictions, which Dutcher also challenged in his habeas petition of January 2008. These facts are unaffected by subsequently enacted or amended state laws. See 28 U.S.C. § 2244(d)(1). As such, the Court finds that the instant habeas petition is a second or successive petition over which the Court has no jurisdiction.

## CONCLUSION

For the reasons stated above, Dutcher's instant habeas petition is a second or successive one. The petition is **TRANSFERRED** to the First Circuit.

SO ORDERED.

/s/ PATTI B. SARIS
Hon. Patti B. Saris
United States District Judge